The next case on the calendar, Dukes v. NYCERS. Good morning, Your Honors. Good morning. Ms. Dukes, I think that podium may come up a little bit. There's a button there. Good morning, Your Honor. Thank you. Thank you. Good morning, Your Honors. My name is Cheryl Dukes, and I'm here on behalf of my deceased husband, Ralph Dukes, who passed away as the result of the complications due to, exasperated complications due to him working as a motor vehicle operator for Health and Hospitals Corporation in the morgue department, where he transported body remains to the various sites for about two years. He passed away in 2007. You're talking about 9-11? Yes, 9-11. I expressed this in the record, and I expressed this before all of the courts, the lower courts, the district courts. And so I presented in 2008 to NYCERS through their process that I wanted to file for a line of duty, accidental death benefits, because it wasn't recognized, and I was denied. So I went through, after a long, drawn-out process, I went through the legal procedures to have my husband's voice heard and have my voice heard. And I ended up in EDNY, Houston District of New York, based on the fact that the NYCERS building is not far from EDNY. So I'm like, okay, that's the district. That's where I should be. And to come and find out, based on the fact that I'm pro se and I don't know all the legal ramifications of the laws, rules, and regulations, I'm not an expert, that, one, the case should have gone to the SDNY, Southern District of New York, and two, that because I used my New York address, there was a problem with that. When I actually lived in Pennsylvania, I have a mailing address, New York. Between New York and Pennsylvania, I have both residences, but Pennsylvania is my domicile, and I expressed this in every which way I could, and it ended up with Justice Weinstein of the District Court saying that I couldn't prove citizen diversity, there was no federal question, so he dismissed the case. And then after that, I appealed it, and Justice Preska, as well, SDNY, stated that there was sui espante, there was no . . . the case should be dismissed. Couple of things. Did you bring a new case after it was dismissed in the Southern District, or you just . . . I appealed it. Excuse me? Appealed. You appealed from the Eastern District to the Southern District? Didn't you . . . I mean, you brought something to the . . . you filed something in the Southern District? Yeah, I had to, because I was trying to get the case . . . Did you pay a new fee when you brought it over, or ask . . . Oh, yeah, I paid a new fee. . . . to the Southern District. Yeah, I had . . . they denied me formal paupers. Did your residence or domicile change between the time you were heard in the Eastern District and the time you were heard in the Southern District? Yeah, I . . . my mom . . . I was taking care of my mom . . . First, I was taking care of my husband, who passed away in New York, and I took care of my mom, who passed away, all in New York City, because the way that my house is situated and the services that I receive are better and easier in New York. The place that . . . the residence in New York was my business. I used to do hair and other . . . Okay, but then you moved . . . once your husband and your mother passed away . . . I moved back to Pennsylvania. Back to Pennsylvania, and when was that? August . . . Wait, wait, just . . . I don't want the date. I just want to know between . . . when does that move, insofar as it's a move? When does that occur in relationship to before or after the Eastern District proceedings, and before and after the Southern District proceedings? Let me see. My mom passed away July 5, 2014, and I . . . the case was dismissed, I think, May, March 20-something, 2016. Which case? The SDNY. SDNY. Yeah. The EDNY was dismissed, I think, February 2015. Both of those were after you moved permanently to Pennsylvania? I moved to Pennsylvania, back to Pennsylvania, August 2015. August of 15? Mm-hmm. I said 14. I had to finalize and get everything together. Yeah, okay. All right. I'm just trying to figure out whether you were . . . The timeline, I understand. I'm trying to figure out whether you were in the same circumstance, in terms of where you lived, when you were in the Eastern District, as you were when you were in the Southern District, or whether it changed between the time you were in the Eastern District and the time in the Southern District. Well, the Eastern District was . . . what did I say the date was? I guess we can find out. 2016, March 2016, and I moved August 2016. 2015, rather. I'm sorry, are you . . . SDNY ruled in 2016, March 2016. You moved in 2015? And I moved August 2015. 15, and the Eastern District? Eastern District ruled February 2015. Before you moved? No, no. My mom passed away February 2014. So that was before you had moved over, and the Southern District was after you had moved over. Right. So the Southern District is . . . you file in May of 2015. Right. After . . . is it 15, right? Right. Southern District is 2015. And the . . . Eastern District, 2014. And that case was then appealed to the . . . yeah. Right. Right? Yeah. Okay. So . . . I mean, you affirmed . . . you appealed the Eastern District case, right? Yes, I did. I asked for . . . And this court said that your state law claims . . . that you did not establish federal . . . There was no federal question, and that there was no citizen diversity. And that was also decided in 2014. Right. And then in May of 2015 . . . Right. . . . you file in the Southern District. S.D.N.Y. also ruled saying, sui espante, you know, on her own accord, that she was following the E.D.N.Y. decision. Okay. Thank you. But you had moved by that time to Pennsylvania. Your domicile by that time was in Pennsylvania. Yeah. Okay. Great. And . . . it's kind of tricky because E.D.N.Y. claims that they did not have jurisdiction and subject matter jurisdiction. And actually, they would in normal circumstances because of the fact that I was living in two different states, but my domicile was Pennsylvania. I understand that. You have to understand what we're trying to figure out is whether your circumstances changed between the Eastern District proceedings . . . I get it. . . . and the Southern District proceedings . . . I get it. . . . whether your circumstances changed so that even if the Eastern District was correct  has changed. And we're trying to get that . . . I'm trying to get that straight in my head. And that is true because I did relocate back . . . Between the two. Yeah. All right. Thank you. That's it? That's it. I think we have your argument. Thank you very much. Sure. Yes, thank you. Thank you. Thank you. All right. Indeed, you did a very good job. Thank you. Thank you so much. Thank you. Well argued. And I have to just add this because every time I forget to say something, I get a decision back. And this case is based on ATSSA, the Air and Transportation Safety Security Act. We understand that. Thank you.